**Rufus AVERHART, Plaintiff-Appellant,**

v.

**Jose ARRENDONDO, Sheriff, Captain Jandury, and Officer Woodke, Defendants-Appellees.**

**No. 85–2231.**

United States Court of Appeals, Seventh Circuit.

Argued Aug. 26, 1985.

Decided Sept. 24, 1985.

Rufus Averhart, Michigan City, Ind., for plaintiff-appellant.

Edward H. Feldman, Lake County Atty. Office, Crown Point, Ind., for defendants-appellees.

Before CUDAHY, POSNER, and COFFEY, Circuit Judges.

POSNER, Circuit Judge.

On August 15 we dismissed this appeal because the notice of appeal had been filed after the 30 days allowed by federal law in a private civil case, such as this case is. See Fed.R.App.P. 4(a)(1). The appellant has asked for rehearing, and though we must deny it, the appellant's quandary moves us to invite the attention of our district judges to an unfortunate and remediable deficiency in the administration of justice by the federal courts.

The appellant is a state prisoner who brought this civil rights suit in federal district court against three correctional officers. The district judge dismissed the suit, and the plaintiff, who is not represented by counsel, filed a timely notice of appeal. He also however filed a timely motion in the district court under Rule 59(e) of the Federal Rules of Civil Procedure to reinstate the suit. This filing nullified his notice of appeal and required him, if he wanted to appeal, to file a new notice of appeal within 30 days after the district court denied his Rule 59(e) motion. Fed.R. App.P. 4(a)(4). The district court denied his Rule 59(e) motion, all right, but the appellant says he did not realize that he had to file another notice of appeal until it was too late to do so.

Rule 4(a)(4) is unequivocal and jurisdictional, *Spika v. Village of Lombard,* 763 F.2d 282, 284 (7th Cir.1985), so the appellant is out of luck. But we know from past experience that this particular wrinkle in the appellate rules is a trap for the unwary into which many appellants, especially those not represented by counsel (and most prisoners are not), have fallen, with dire consequences since there is no way they can reinstate their appeal if the second notice of appeal is untimely. The mistake these litigants make is thoroughly understandable. The problem is not that Rule 4(a)(4) is unclear—it is not—but that it is complicated to a lay understanding and is buried in Rule 4 of the appellate rules, which anyway are less familiar than the rules of procedure. The idea that the first notice of appeal lapses rather than merely being suspended is not intuitive, so unless a litigant has a pretty good understanding of how Rule 59 of the procedure rules interacts with Rule 4 of the appellate rules, he is apt to fall into the same hole into which Mr. Averhart has disappeared. It seems hardly in keeping with the spirit of the federal rules to impose such forfeitures so regularly on persons without legal knowledge or representation.

Of the various solutions to this problem that can be conceived of, two—writing a separate and simpler set of rules of procedure for pro se litigants and simplifying the existing rules so that a pro se litigant can readily understand them—are beyond the power of this court, but a third is not. We can—and hereby do—suggest to the district judges of the circuit that when they deny a pro se litigant's Rule 59(e) motion, they add to the order a sentence stating that if the litigant wants to appeal either from the order or from the original judgment, he must file a new notice of appeal within 30 or 60 days as the case may be. This solution, which parallels the solution we adopted in *Lewis v. Faulkner,* 689 F.2d 100, 102 (7th Cir.1982), to the problem of pro se litigants who trip over the provision of Fed.R.Civ.P. 56(e) that requires counter-affidavits to oppose a motion for summary judgment supported by affidavits, should alleviate an injustice, without adding to the workload of the district courts or this court. But we have no power to relieve the appellant from the forfeiture that he

brought upon himself by his failure, understandable though it is, to comply with Rule 4(a)(4) of the appellate rules.

REHEARING DENIED.