**Rajeshwar Singh YADAV and Roopa Yadav, Appellants,**

v.

**CHARLES SCHWAB & CO., INC., Appellee.**

Docket No. 91–7337.

United States Court of Appeals, Second Circuit.

Petition for Rehearing Submitted May 3, 1991.

Decided June 13, 1991.

Rajeshwar Singh Yadav and Roopa Yadav, submitted papers, pro se.

Before TIMBERS, NEWMAN and KEARSE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This petition to reconsider the dismissal of an appeal concerns the application of Rule 4(a)(4) of the Federal Rules of Appellate Procedure to an unusual fact situation complicated by an irregularity occurring in the office of the Clerk of the District Court. For reasons that follow, we conclude that our appellate jurisdiction was properly invoked, and we grant rehearing and reinstate the appeal.

Plaintiffs-appellants Rajeshwar Singh Yadav and Roopa Yadav filed a suit against defendant-appellee Charles Schwab & Co., Inc., with whom they maintained a brokerage account. On July 31, 1990, judgment was entered in the District Court for the Southern District of New York (Shirley Wohl Kram, Judge), dismissing the Yadavs' complaint and confirming a $25,000 arbitration award in Schwab's favor. On August 8, 1990, plaintiffs filed in the District Court a motion for reconsideration, and on August 30, 1990, while the reconsideration motion was pending, they filed in the District Court *pro se* a notice of appeal from the July 31 judgment. On January 16, 1991, the District Court denied the Yadavs' motion for reconsideration.

Pursuant to a recently adopted practice of this Court to examine *pro se* filings at an early date for compliance with jurisdictional requirements, this Court noticed what appeared to be a jurisdictional defect under Rule 4(a)(4). That provision states that a notice of appeal filed before the disposition of a timely motion for reconsideration "shall have no effect." *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *McCowan v. Sears, Roebuck and Co.*, 908 F.2d 1099 (2d Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 250, 112 L.Ed.2d 209 (1990). Applying Rule 4(a)(4), we dismissed the appeal *sua sponte* in an unpublished order. No. 91–7337 (2d Cir. Apr. 24, 1991).

In seeking reconsideration of the dismissal order, the Yadavs point out that the Clerk of the District Court neglected to comply with Rule 3 of the Appellate Rules, which requires a clerk of a district court to "transmit forthwith a copy of the notice of appeal and of the docket entries to the clerk of the court of appeals named in the notice." Fed.R.App.P. 3(d). In fact, these documents were not filed with the Clerk of this Court until April 2, 1991, when Mr. Yadav hand-carried them to our Clerk's office.

Rule 4(a)(4) is normally strictly applied to implement important policies concerning appellate practice. As we pointed out in *McCowan*, the rule prevents duplicative review in two courts, avoids unnecessary re-

mands, and precludes appellate court consideration until a district court has ruled. *McCowan*, 908 F.2d at 1103. But these interests are served only if the clerk of a district court carries out the obligation under Rule 3(d) to transmit a copy of the notice of appeal "forthwith" to the pertinent court of appeals. There is no risk of duplication if a court of appeals never knows that a notice of appeal has been filed. Moreover, if in this case the notice had been promptly forwarded to this Court, we could have promptly dismissed the appeal at a time when the appellants would still have had 30 days to file a new notice of appeal after the denial of their motion for reconsideration by the District Court. *See* Fed.R.App.P. 4(a)(4) ("A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion....").

In this case, the failure of the Clerk's office in the Southern District to forward a copy of the notice of appeal was tantamount to holding the notice of appeal until after denial by the District Court of the motion for reconsideration, at which time a valid notice of appeal could have been filed. Though the notice did not reach us until more than 30 days from that denial, it was tendered to the District Court at an earlier date. Though Rule 4(a)(4) creates a "trap for the unwary," *see Averhart v. Arrendondo*, 773 F.2d 919, 920 (7th Cir.1985), we see no reason to apply its terms so rigidly as to exacerbate the trap in a situation where a court official has omitted an important step in the appellate process—a step on which the strict enforcement of Rule 4(a)(4) is premised. We are mindful that Rule 3(d) of the Appellate Rules states that "[f]ailure of the clerk to serve notice [of appeal] shall not affect the validity of the appeal." However, that language appears to refer to service of the notice upon the parties, not transmission to the court of appeals; moreover, the language seems designed to make sure that lack of service does not defeat validity, not that lack of transmission cannot be a circumstance that supports validity.

For these reasons we grant the petition for rehearing of our April 24, 1991, order, vacate that order, and reinstate the appeal.