Israel **WEINSTOCK; JB Trading International, Ltd.; and 4200 Avenue K Realty Corp., Plaintiffs–Appellants,**

v.

**CLEARY, GOTTLIEB, STEEN & HAMILTON, Defendant–Appellee.**

No. 830, Docket 93–7727.

United States Court of Appeals, Second Circuit.

Argued Jan. 12, 1994.

Decided Feb. 14, 1994.

the United States District Court for the Southern District of New York (Loretta A. Preska, Judge) denying a motion to extend the time for filing a notice of appeal in an action against defendant-appellee Cleary, Gottlieb, Steen & Hamilton ("Cleary"). We conclude that the District Judge acted within her discretion in ruling that Weinstock's reasons for failing to file a timely notice of appeal did not amount to "excusable neglect." We therefore affirm.

## Background

Weinstock has been entangled in various lawsuits with Cleary and other parties over the rights to certain properties. In 1992, Weinstock filed the underlying complaint in this case. In a March 12, 1993, judgment, the District Court, relying on abstention doctrines, dismissed Weinstock's complaint without prejudice to Weinstock's right to renew his claims after the conclusion of related state court proceedings. On March 22, 1993, Weinstock moved for reargument, claiming that his complaint should be reinstated, and on March 31, 1993, while his motion for reargument was still pending, Weinstock filed a notice of appeal. On May 6, 1993, the District Court denied reargument.

On June 8, 1993, Cleary moved to dismiss Weinstock's appeal for lack of jurisdiction because, under the then applicable version of Fed.R.App.P. 4(a)(4), Weinstock's initial notice of appeal was of no effect since it was filed before the District Court ruled on his motion for reargument.[1] This Court dismissed Weinstock's appeal on June 15, 1993. Weinstock then moved in the District Court pursuant to Fed.R.App.P. 4(a)(5) for an extension of time to file a notice of appeal. The District Court denied Weinstock's motion. The District Court held that Weinstock's misconception of the appellate rules did not constitute "excusable neglect" so as to permit an extension of time for filing a notice of appeal pursuant to Rule 4(a)(5).

Peter A. Joseph, New York, N.Y. (Israel Weinstock, Weinstock, Joseph & Farley, P.C., New York, N.Y.), for Plaintiffs–Appellants.

Warren R. Stern, New York, N.Y. (George N. Postolos, Wachtell, Lipton, Rosen & Katz, New York, N.Y.), for Defendant–Appellee.

Before: NEWMAN, Chief Judge, WINTER, Circuit Judge, and McCURN, District Judge.*

JON O. NEWMAN, Chief Judge:

This appeal concerns what constitutes "excusable neglect" to warrant an extension of time for filing a notice of appeal as provided in Fed.R.App.P. 4(a)(5). This issue arises on an appeal by plaintiffs-appellants Israel Weinstock, JB Trading International, Ltd., and 4200 Avenue K Realty Corp. (collectively "Weinstock") from the July 8, 1993, order of

---

* The Honorable Neal P. McCurn of the United States District Court for the Northern District of New York, sitting by designation.

1. This aspect of Rule 4(a)(4) has been changed, but the revised Rule did not become effective until December 1, 1993.

### Discussion

This Court and other federal courts have noted that Rule 4(a)(4)—which prior to its recent amendment served to nullify a premature notice of appeal and required a party to file a new notice of appeal after the disposition of certain post-trial motions—created a "trap" for the unsuspecting litigant who filed a notice of appeal while a post-trial motion was pending. *See McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir.), *cert. denied*, 498 U.S. 897, 111 S.Ct. 250, 112 L.Ed.2d 209 (1990); *Averhart v. Arrendondo*, 773 F.2d 919, 920 (7th Cir.1985).

Weinstock argues that because of the surprising nature of this "trap for the unwary" in Rule 4(a)(4), his failure to file a new notice of appeal should be considered "excusable neglect" under Rule 4(a)(5). Weinstock notes that under Rule 4(a)(4) only certain types of post-trial motions serve to nullify a prior notice of appeal and require a new notice of appeal. *See Lorenzen v. Employees Retirement Plan of Sperry and Hutchinson Co.*, 896 F.2d 228, 233–34 (7th Cir.1990). Weinstock further supports his claim of "excusable neglect" by stressing that his blunder did not flow from a calculated litigation strategy, but was simply the product of a good-faith misunderstanding of the Rules.[2]

Rule 4(a)(4) has recently been revised to provide that an initial notice of appeal will be suspended, not nullified, during the pendency of post-trial motions and then become effective upon the final disposition of such motions. However, the elimination of Rule 4(a)(4)'s "trap" has come too late for Weinstock, and we are satisfied that the District Court Judge did not exceed her discretion by not excusing Weinstock when he fell into the trap.

Weinstock's mistake cannot be considered a "plausible misconstruction" of Rule 4(a)(4); it must be regarded as a failure to follow the plain terms of the Rule. Both *McCowan* and *Averhart*, upon which Weinstock relies, explicitly state that Rule 4(a)(4) is not unclear. *See McCowan*, 908 F.2d at 1103; *Averhart*, 773 F.2d at 920. Though Weinstock notes that in some contexts the application of Rule 4(a)(4) will not always be straightforward, in this instance his error clearly stemmed from his own ignorance of Rule 4(a)(4), rather than from an inability to understand it. Thus, Weinstock's behavior need not be excused. As this Court has explained numerous times: "The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 515 (2d Cir.), *cert. denied*, 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985); *see also Bortugno v. Metro–North Commuter Railroad*, 905 F.2d 674, 677 (2d Cir.1990) ("Counsel's lack of familiarity with federal procedure is not an acceptable excuse.").

The Supreme Court's recent elaboration of "excusable neglect" in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), does not mandate a finding in Weinstock's favor. In *Pioneer Investment*, which we have understood to be applicable beyond the bankruptcy context where it arose, *see United States v. Hooper*, 9 F.3d 257, 259 (2d Cir.1993), the Supreme Court explained that "excusable neglect" involved an equitable determination that should incorporate all relevant factors including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment*, —— U.S. at ——, 113 S.Ct. at 1498. Though some of these factors favor Weinstock, most prominent in this case is "the reason for the delay," namely Weinstock's failure to examine Rule 4(a)(4), a factor that strongly favors Cleary. Furthermore, *Pioneer Investment* states that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at ——, 113 S.Ct. at 1496.

Affirmed.

---

**2.** Apparently, Weinstock's lawyers have limited federal practice experience, and they assumed that the federal notice-of-appeal rules were the same as New York's notice-of-appeal rules.