19 F.3d 40
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James Lawrence BYRNE, and Jamie Byrne Creech, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5006.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1994.
 
 Before ARCHER, MAYER, and PLAGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 James L. Byrne and Jamie B. Creech (appellants) appeal the decision[1] of the United States Court of Federal Claims (CFC), No. 90-3916L, denying for lack of good cause appellants' motion to enlarge the time in which to file a renewed notice of appeal to this court.[2] We affirm.
 
 DISCUSSION
 
 2
 On appeal, our standard of review is narrow. We must affirm the decision of the CFC unless we find there to have been an abuse of discretion. Penrod Drilling Co. v. United States, 925 F.2d 406, 408 (Fed.Cir.1991).
 
 
 3
 Appellants first argue the court incorrectly perceived the reason underlying their failure to file a timely renewed notice of appeal. According to appellants, it was not because they failed to understand the applicable rules, but because the clerk of this court breached his duty under the practice note accompanying Fed.Cir.R. 4[3] to immediately dismiss their appeal, which, appellants' assert, was patently defective. Had the clerk done so, argue appellants, they would have been put on notice of the deficiency within the prescribed time period for filing a notice of appeal under Fed.R.App.P. 4(a)[4]--June 14, 1993. Accordingly, argue appellants, they would have been able to timely file a renewed notice of appeal.
 
 
 4
 We are not persuaded. First, we are not convinced that the defect was "patently" defective in relation to the clerk, who had limited information at his disposal with which to judge the competency of the appeal--the notice of appeal itself plus the lower court's docket sheet. That is a distinction which is reflected in the full passage of the practice note containing the excerpt cited by the appellants.[5] That passage establishes that any duty of the clerk's to immediately dispose of an appeal arises only upon notification by one of the parties that a motion for reconsideration has been filed. Second, a practice note is at most permissive, and cannot function to create a legal obligation. Third, even assuming for the sake of argument the clerk did breach his duties, that does not absolve appellants from their failure in the first instance to apprehend the import of Fed.R.App.P. 4(a)(4). That rule plainly renders as a legal nullity any notice of appeal filed while a motion for reconsideration is pending. Thus, the responsibility for the untimely filing must ultimately lie with appellants. Fourth, appellants admit in their brief that their confusion was caused by their reliance on Fed.R.App.P. 4(a)(2).[6] That rule is plainly inapplicable because their initial notice of appeal was not filed before the entry of the judgment appealed from. Accordingly, we are not convinced the CFC misapprehended the reason underlying appellants' failure to file a timely notice.
 
 
 5
 The only case cited by appellants which even plausibly supports their argument is Yadav v. Charles Schwab & Co., 935 F.2d 540 (2d Cir.1991), cert. denied, 60 USLW 3780 (1992). That case involved, as here, the dismissal under Fed.R.App.P. 4(a)(4) of an appeal which occurred after the deadline for filing an appeal. The court found that the dismissal was improper because the rendering of the dismissal beyond the deadline was caused by the trial court's failure, under Fed.R.App.P. 3(d)[7], to transmit "forthwith" to the appellate court a copy of the notice of appeal and the docket sheet. Id. at 541-42. Had this information been transmitted earlier, the appellate court would presumably have dismissed the appeal before the deadline for filing a renewed appeal had passed. That cannot be said to have occurred here. A check with this court's clerk's office reveals that appellants' initial notice of appeal (plus a docket sheet) was transmitted to this court on April 16, 1993. That was at most within four days of the date appellants filed their notice of appeal with the CFC.[8] Thus, it cannot be said that the CFC violated Fed.R.App.P. 3(d). Moreover, as noted, this court did not breach any rule by failing to immediately act on the appeal. The case is thus distinguishable.
 
 
 6
 Appellants next argue that disruption to Creech's office due to a bankruptcy foreclosure seizure establishes good cause for the delay. We cannot agree. The seizure in question occurred on June 15, 1993, after the deadline for filing the appeal. Thus, that event cannot constitute good cause for the delay.
 
 
 7
 Appellants also argue that the CFC impermissibly applied the "excusable neglect" standard as opposed to a more lenient "good cause" standard. We cannot agree. First, it is unclear that the "excusable neglect" standard is the incorrect one. According to the Notes of the Advisory Committee accompanying Fed.R.App.P. 4(a)(5)[9], the "excusable neglect" standard is the appropriate one for motions filed, as here, after the time for filing the notice of appeal has run. Second, according to the CFC opinion, the "good cause" standard was applied. Thus, it appears the standard applied by the CFC was overly lenient.
 
 
 8
 Finally, appellants argue that a lower standard should be applied to their behavior because they are appearing pro se, and are unfamiliar with this court's rules. Again, we are unpersuaded. While some allowance is made regarding technical niceties when a party is pro se, all litigants are bound to comply with the rules. Furthermore, it is undisputed that Creech is an attorney, and is representing both herself and Byrne in this case.
 
 
 9
 For all the foregoing reasons, we are not convinced the CFC abused its discretion. Accordingly, we affirm.
 
 
 
 [1]
 The court rendered its decision July 23, 1993. That decision became final on August 16, 1993, when the court denied appellants' motion for reconsideration
 
 
 [2]
 Their earlier notice of appeal was dismissed by order of this court on July 6, 1993. Byrne v. United States, No. 93-5123 (Fed.Cir. July 6, 1993). The reason was that the notice was filed while appellants had pending before the CFC a motion for reconsideration of that court's judgment. Thus, under Fed.R.App.P. 4(a)(4), the notice was a legal nullity: "A notice of appeal filed before the disposition of [a motion for reconsideration] shall have no effect."
 
 
 [3]
 According to which, "[t]he clerk will dismiss an appeal upon learning that a motion that renders the notice of appeal of no effect has been filed in the trial court."
 
 
 [4]
 "[I]f the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after [the entry of the judgment or order appealed from]."
 
 
 [5]
 "The appellant should promptly notify the clerk if any party in the case files in the trial court a motion [for reconsideration]. Any other party may also notify the clerk when this occurs. The clerk will dismiss an appeal upon learning that a motion that renders the notice of appeal of no effect has been filed in the trial court."
 
 
 [6]
 "[A] notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof."
 
 
 [7]
 "[T]he clerk shall transmit forthwith a copy of the notice of appeal and of the docket entries to the clerk of the court of appeals named in the notice."
 
 
 [8]
 The record is unclear as to the precise date appellants' filed their notice of appeal with the CFC. The stamp on the notice attached to appellants' brief is dated April 12, 1993. However, according to this court's clerk's office, the notice was filed on April 15, 1993
 
 
 [9]
 "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of time prescribed by this Rule 4(a)."