104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
MEREX A.G., Plaintiff-Appellant,
v.
LORAL FAIRCHILD CORPORATION and Fairchild Weston Systems,
Inc., Defendants-Appellees.
 No. 96-7318.
 United States Court of Appeals, Second Circuit.
 Nov. 1, 1996.
 
 1
 FOR APPELLANT: Daniel J. O'Callaghan, New York, NY.
 
 
 2
 FOR APPELLEES: Roy A. Klein, Melville, NY.
 
 
 3
 Before MESKILL and McLAUGHLIN, Circuit Judges, and BLOCK,* District Judge.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 6
 Fairchild Weston Systems, Inc. ("Fairchild") engaged Merex A.G. ("Merex"), a German brokerage company, to help it procure a contract to sell military surveillance systems to the People's Republic of China. Negotiations did not result in a contract. Several months later, Fairchild entered into a contract with the People's Republic of China without Merex's services. When Fairchild refused to pay Merex a commission on its sale, Merex filed suit in the United States District Court for the Southern District of New York (Lowe, J.). The district court dismissed Merex's complaint and entered judgment for Fairchild. We affirmed. Merex A.G. v. Fairchild Weston Sys., Inc., 29 F.3d 821 (2d Cir.1994), cert. denied 115 S.Ct. 737 (1995).
 
 
 7
 In January 1995, Merex filed another complaint against Fairchild in the United States District Court for the Eastern District of New York (Spatt, J.) alleging tortious interference arising out of Fairchild's sale of military surveillance systems to the People's Republic of China. Fairchild moved to dismiss the action on statute of limitations and res judicata/collateral estoppel grounds and the district court granted the motion. Judgment was entered for Fairchild on October 27, 1995. According to Fed. R.App. P. 4(a)(1), Merex had 30 days from the entry of judgment to file a notice of appeal. Merex's counsel filed a notice of appeal on November 29, 1995, two days after the 30 days had lapsed.
 
 
 8
 On December 4, 1995, Merex's counsel moved the district court for permission to file a late notice of appeal pursuant to Fed. R.App. P. 4(a)(5), arguing that his failure to file timely was due to excusable neglect or good cause. Judge Spatt denied the motion, noting that using the factors set out in Pioneer Insurance Service Co. v. Brunswick Association, Ltd., 507 U.S. 380 (1993), Merex failed to show excusable neglect or good cause. Merex now appeals arguing that the district court abused its discretion when it denied its motion to file a late notice of appeal.
 
 
 9
 We review a district court's decision to grant or deny a motion to file a late notice of appeal for an abuse of discretion. See United States v. Carson, 52 F.3d 1173, 1180 (2d Cir.1995).
 
 
 10
 Rule 4(a)(5) gives the district court discretion to permit a party to file a late notice of appeal upon a showing of excusable neglect or good cause. Fed. R.App. P. Rule 4(a)(5). In determining whether the failure to file timely a notice of appeal is excusable we consider four factors: (1) the risk of prejudice to the nonmoving party; (2) the length of delay and its potential prejudice upon the judicial proceeding; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer, 507 U.S. at 388; Weinstock v. Clearly, Gottlieb, Steen & Hamilton, 16 F.3d 501, 503 (2d Cir.1994). The most important factor is the the reason for the delay. Weinstock, 16 F.3d at 503.
 
 
 11
 Based on the Pioneer factors, the district court did not abuse its discretion when it denied Merex's motion to file a late notice of appeal. Merex's counsel could offer no reason for his delay other than that he had a busy schedule researching the grounds for appeal and handling other clients' matters. Additionally, there would be substantial prejudice to Fairchild if the motion were granted. Fairchild has already spent considerable time and money litigating a case arising out of the same facts underlying this cause of action, facts which occurred over 12 years ago.
 
 
 12
 We have considered all the additional arguments raised by Merex, and find them to be without merit.
 
 
 13
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Frederic Block, of the United States District Court for the Eastern District of New York, sitting by designation