**SEA-LAND SERVICE, INC., Plaintiff,**

v.

**CITIHOPE INTERNATIONAL, INC., Defendant.**

**No. 96 CIV. 6297(LAK).**

United States District Court, S.D. New York.

Nov. 7, 1997.

Albert J. Avallone, New York City, for Plaintiff.

Thomas E. Schimmerling, Delhi, NY, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This is an action to recover unpaid shipping charges in which the defendant counterclaims for alleged loss of all or part of a different cargo while it was in transit. The matter is before the Court on plaintiff's motion for summary judgment and defendant's cross-motion for an extension of time.

### Facts

The complaint alleges that defendant Citihope International, Inc. ("Citihope"), allegedly a charitable organization, contracted with plaintiff to carry seven cargoes from Norfolk. Virginia, to Minsk, Belarus, for aggregate shipping charges of $61,836 which remain unpaid. Citihope's answer admitted the contracts and the amount of the shipping charges. It denies liability and counterclaims, however, based on the allegation that the contents of a shipping container other than those involved in plaintiff's claim was stolen in consequence of plaintiff's negligence while the container was in plaintiff's possession.[1] It seeks recovery of $243,131.

On October 31, 1996, the Court approved a stipulated scheduling order which required the parties to complete discovery on or before April 30, 1997. The parties appear to have ignored the order. Nevertheless, on May 19, 1997, the Court approved a further extension of the discovery cutoff until July 31, 1997, but cautioned the parties that no further extensions would be granted.

Plaintiff served requests for admissions. a document request and interrogatories on de-

fendant's counsel on May 29, 1997. Defendant's counsel promptly forwarded the discovery demands to his client, but no response was forthcoming. Nor was any request made for an extension of time.

In early August 1997, following expiration of the discovery period, plaintiff's counsel wrote to the Court regarding the defendant's failure to respond to discovery. The Court held a telephone conference with counsel on September 3, 1997 concerning the plaintiff's letter. Nevertheless, despite the letter and telephone conference, no responses were served. Having awaited in vain responses to its discovery requests for four months and having seen its letter to the Court ignored by the defendant, plaintiff finally moved for summary judgment on September 25, 1997.

Central to plaintiff's motion is the defendant's failure to respond to the request for admissions. Among the propositions which Citihope's failure to respond admitted [2] were that (1) the freight and related charges claimed by plaintiff are true and accurate, are the responsibility of the defendant, and are unpaid; (2) the only shipment at issue in the counterclaim was that involving container 453562–1, which is not among the shipments for which freight charges are claimed; (3) the loss of the contents of container 453562–1 was due to theft by armed robbery; and (4) defendant neither owned, nor was the shipper or consignee, of that cargo.

Citihope responded to the motion on September 30, 1997 by cross-moving, for an extension of time within which to serve responses to plaintiff's discovery requests and seeking leave to serve interrogatories and, apparently, conduct other discovery notwithstanding the expiration of the discovery period. The cross-motion was supported in part by an affidavit of Citihope's principal, the burden of which is that he (1) was out of town when the discovery requests arrived in his office in June 1997, and (2) although he was aware of the discovery requests, he failed to turn his attention to them because

---

1. The lost cargo is said to have consisted of 99,684 pairs of panty hose.

2. FED. R. CIV. P. 36(a) ("The matter is admitted unless, within 30 days after service of the re-

quest, ...the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter...")

he was extremely busy during the ensuing three months. It was accompanied also by long overdue responses to plaintiff's discovery requests, responses which seek to place in issue all of the matters described above that were deemed admitted in consequence of defendant's failure to respond to the request for admissions. In particular, the proposed interrogatory answers contend that the defendant was not responsible for payment of the shipping charges.

## Discussion

### The Motion for an Extension

Rule 56(c) provides in pertinent part that a party moving for summary judgment is entitled to relief "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The first matter that must be addressed therefore is defendant's cross-motion for an extension of time within which to serve its discovery responses. If the motion is granted, then the belated interrogatory answers and response to the request for admissions are properly considered on the motion for summary judgment. If the motion is denied, they are not properly before the Court.

■ An extension of time in which to respond to plaintiff's discovery requests is available where, as here, it first is sought after the time for response has expired only if the failure to respond was the product of excusable neglect within the meaning of Rule 6(b)(2). While excusable neglect for this purpose is "a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant," [3] the Court nevertheless must consider all of the pertinent circumstances. These

include the danger of prejudice to the adverse party, the reason for the delay, whether it was reasonably within the control of the movant, and whether the movant acted in good faith.[4] "[T]he determination is at bottom an equitable one ..." [5]

■ In this case, the failure to respond to the discovery requests in a timely manner went considerably beyond what is excusable. The defendant initially consented to an order requiring the completion of discovery by the end of April. In May, when the discovery completion date was extended until the end of July, the parties were warned that no further extension would be granted. Yet when the discovery requests were served in May, defendant not only failed to respond within the prescribed thirty day period, but then allowed the discovery completion deadline to pass without serving responses. Given the Court's prior admonition with respect to extension of the discovery period, defendant manifestly did so at its peril. Moreover, it failed to act even when plaintiff wrote to the Court in early August and following the telephone conference with the Court on September 3, 1997.

Nor was this a case in which the failure to respond is entirely attributable to the neglect of counsel. Citihope's principal has acknowledged that during the summer of 1997, he reviewed the discovery requests which on their face made clear that a response was required within the period contemplated by the rules.[6] Thus, the failure to serve timely responses in this case is attributable to the combined neglect of both the principal and the attorney in circumstances in which Citihope already had been warned that the discovery period would not be extended further.

The inappropriateness of this behavior is underscored by the fact that defendant never even sought an extension of time in light of

---

**3.** *Pioneer Investment Services Co. v. Brunswick Assoc. L.P.,* 507 U.S. 380, 392, 113 S.Ct. 1489, 1496–97, 123 L.Ed.2d 74 (1993) (quoting 4A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165, at 470 (2d ed.1987)).

**4.** *Id.* at 395, 113 S.Ct., at 1499.

**5.** *Id.*

**6.** Moore Aff. ¶ 10.

the busy schedule its principal now claims he had until after it was confronted with a motion for summary judgment.[7] Indeed, this conclusion is supported strongly by the Second Circuit's recent decision in *Canfield v. Van Atta Buick/GMC Truck, Inc.,*[8] which held that a failure to comply with a clear order of court was not excusable.[9] The clarity of defendant's obligations and its failure to comply with them is quite comparable.

While the plaintiff has not made a persuasive showing of prejudice apart from the fact that any extension would delay resolution of its claim, defendant's blatant disregard of its clear obligations under the rules and the scheduling order leads the Court to conclude that defendant's failure to respond to the discovery requests was not excusable.[10]

### The Summary Judgment Motion

#### The Complaint

■ Plaintiff's motion for summary judgment on its claim for $61,436 does not depend solely on the defendant's failure to respond to the request for admissions. The motion was supported also by an affidavit of Rose Austin which states that the $61,836 claimed is an accurate figure, that Citihope is the party responsible for payment and that the charges remain unpaid. This contention was repeated in a Rule 56.1 statement (mistakenly denominated a Rule 3(g) statement).

Citihope's papers do not controvert this showing. Nor, indeed, has it responded to plaintiff's Rule 56.1 statement, a failure that independently results in the facts there set forth being deemed admitted.[11] Accordingly, plaintiff is entitled to a determination that Citihope owes it the $61,436 it claims subject to any offset to which Citihope may be entitled by virtue of the counterclaim, irrespective of defendant's failure to respond to the request for admissions. The admissions that resulted from defendant's failure to respond to the request provide an independent basis for this ruling.

#### The Counterclaim

■ By failing to respond to the request for admissions, Citihope is deemed to have admitted that it was not a party to the shipment that was stolen, that it was not the owner of that cargo, and that the cargo was lost as the result of an armed robbery. Given Citihope's admitted lack of interest in the cargo and lack of connection to the shipment, plaintiff is entitled to summary judgment dismissing the counterclaim.

#### Extension of Discovery Period

The request for an extension of the discovery period is rendered moot by the grant of plaintiff's motion.[12]

---

**7.** *E.g., Tenenbaum v. Williams,* 907 F.Supp. 606, 612 (E.D.N.Y.1995) (default not excusable in view of failure to seek extension); *see Sullivan v. Mitchell,* 151 F.R.D. 331, 333 (N.D.Ill.1993) (same).

**8.** 127 F.3d 248 (2d Cir. Oct. 3, 1997).

**9.** *See also Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 16 F.3d 501, 502 (2d Cir.1994) (failure to examine rule inexcusable).

**10.** Defendant has not sought relief pursuant to FED. R. CIV. P. 36(b), which authorizes a court to permit a party to withdraw or amend admissions if such relieve would further the goal of a disposition on the merits and the adverse party would not be prejudiced by its reliance on the admissions. At first blush, there appears to be some tension between the excusable neglect standard of Rule 6(b)(2) and the arguably less rigorous standard of Rule 36(b). Given defendant's failure to raise the point, the issue need not be resolved here. In any case, the Court is strongly inclined to the view that there is no inconsistency. Rule 36(b) permits the withdrawal or amendment of an admission, thus suggesting that it applies only in circumstances in which a party has filed a timely response to a Rule 36 request but later seeks to change or withdraw its response. Rule 6(b)(2), on the other hand, applies where a party simply fails to file any timely response to a Rule 36 request. There is no reason why a party in that position should have the benefit of the arguably more generous Rule 36(b) standard.

**11.** S.D.N.Y. CIV. R. 56.1(b).

**12.** Nor has defendant complied with the requirements of Rule 56(f). *See generally, e.g., Paddington Partners v. Bouchard,* 34 F.3d 1132, 1138 (2d Cir.1994): *accord, e.g., Hudson River Sloop Clearwater, Inc. v. Dept. of the Navy,* 891 F.2d 414, 422 (2d Cir.1989); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 926

*Conclusion*

For the foregoing reasons:

1. Plaintiff's motion for summary judgment is granted in all respects. Plaintiff is entitled to judgment against defendant in the amount of $61,436 plus interest. The counterclaim is dismissed.

2. Defendant's cross-motion for extensions of time within which to serve responses to plaintiff's discovery requests and for completion of discovery is denied in all respects.

SO ORDERED.

(2d Cir.1985); *Pesca v. Bd of Trustees, Mason Tenders' Dist. Council Pension Fund*, 176 F.R.D. 110, 115–116 (S.D.N.Y.1997); *Maida v. Life Ins. Co. of North Am.*, 949 F.Supp. 1087, 1092 (S.D.N.Y.1997); *Frankel v. ICD Holdings S.A.*,

930 F.Supp. 54, 66 (S.D.N.Y.1996); *Liebowitz v. Elsevier Science Ltd.*, 927 F.Supp. 688, 713 (S.D.N.Y.1996); *Thomas v. Stone Container Corp.*, 922 F.Supp. 950, 958 (S.D.N.Y.1996).