**James I. WYNN, Jr., Plaintiff–Appellant,**

v.

**AC ROCHESTER, General Motors Corporation and Charles Volo, Personally and in his Capacity as Personnel Manager, Defendants–Appellees.**

**Docket No. 01–7437.**

United States Court of Appeals, Second Circuit.

May 10, 2002.

James I. Wynn, Jr. Pro Se, Rochester, NY, for Appellant.

James C. Holahan, Esq., Law Office of James Holahan, Esq., Rochester, NY, for Appellees.

Present PARKER, POOLER, B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant, James I. Wynn, Jr., appearing *pro se*, appeals from the Decision and Order of the United States District Court for the Western District of New York (David G. Larimer, *Chief Judge*), dated March 15, 2001, denying Wynn's motion to construe a letter that he had sent to the court as asking for an extension of time to file a notice of appeal and as a notice of appeal from an earlier district court order.

In 1995 Wynn sued AC Rochester, General Motors Corporation, and a personnel supervisor, Charles Volo, alleging fraud and misrepresentation. After Wynn's attorney, Nira Kermisch, withdrew from representing him, she claimed that she had a lien on the case file and refused to release the file without the payment of attorney's fees and other expenses. By order entered in November 1997, the district court permitted Wynn to discharge the lien on the case file by paying the court $1500 as collateral and security for the lien and paying $332 directly to Kermisch. Wynn then proceeded *pro se*.

After the district court granted summary judgment to the defendants and dismissed Wynn's complaint, Wynn filed a motion for the return of the $1500 that he had deposited with the district court as collateral and security. After receiving submissions from Wynn and Kermisch and holding a hearing, the court denied Wynn's motion for release of the funds, finding that Wynn failed to demonstrate that there was a contingency fee agreement between Wynn and Kermisch and holding that Kermisch was entitled to recover in *quantum meruit* and take the $1500. The court's order, dated April 28, 2000, was entered May 2, 2000.

Wynn filed a letter dated June 14, 2000 with the court in which he objected to the court's April 28, 2000 order. On August 31, 2000 Wynn filed a notice of appeal from the April 28, 2000 order, and on the same

day, filed in this Court a motion for "filing appeal late." This Court denied Wynn's motion for lack of jurisdiction, but ordered the district court to review Wynn's June 14, 2000 letter to determine whether it should have been construed by the district court as a motion for an extension of time to file a notice of appeal and as a notice of appeal.

On remand, the district court reviewed Wynn's June 14, 2000 letter and found that it consisted merely of complaints about and criticisms of the April 28, 2000 order. Decision and Order dated March 15, 2001, at 2. The court concluded that the letter did not contain any indication that Wynn sought an extension of time to file his appeal or that he intended the letter to constitute a notice of appeal. *Id.*

This Court reviews a district court's refusal to grant an extension of time to appeal under Fed. R.App. P. 4(a)(5) for abuse of discretion. *United States v. Carson,* 52 F.3d 1173, 1180 (2d Cir.1995); *Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 16 F.3d 501, 503 (2d Cir.1994). We conclude that the district court did not abuse its discretion in holding that Wynn's June 14, 2000 letter complaining about the court's order dated April 28, 2000 could not be fairly read as a motion to extend the time for filing a notice of appeal from that order.

For the reasons set forth above, the judgment of the district court is AFFIRMED.