Darrell CONERLY, Plaintiff–Appellant,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, IBM Credit Corporation, Defendants–Appellees.

No. 02–7724.

United States Court of Appeals, Second Circuit.

May 23, 2003.

Darrell Conerly, Stamford, Connecticut, pro se.

John Houston Pope, Epstein Becker & Green, P.C., New York, New York, for Appellee.

PRESENT: MCLAUGHLIN, LEVAL, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of May, Two thousand and three.

Darrell Conerly, *pro se*, appeals from the May 16, 2002 order of the United States District Court for the District of Connecticut (Charles L. Brieant, Jr., J.), denying his post-judgment motion for an extension of time to appeal pursuant to Fed. R.App. P. 4(a)(5).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED, and that appellant's other pending motions are DENIED.

This appeal comes before us after we have twice remanded the case to the district court for determinations on Conerly's requests for relief under Fed. R.App. P. 4(a)(5) and (6). Conerly originally brought this civil action against defendants-appellees, International Business Machines Corp. ("IBM"), alleging employment discrimination and tortious conduct, and the district court granted IBM's summary judgment motion. We dismissed Conerly's first appeal for lack of jurisdiction based on the untimely notice of appeal, but remanded for consideration of Conerly's motion for an extension of time to file a notice of appeal under Fed. R.App. P. 4(a)(6). On this first remand, the district court denied Conerly's Fed. R.App. P. 4(a)(6) motion, and, on appeal, we affirmed. However, based on a motion for an extension of time that Conerly had filed in the district court within the 30–day grace period under Fed. R.App. P. 4(a)(5), but that apparently had not been docketed in the district court, we again remanded.

At the hearing on his Rule 4(a)(5) motion before the district court on this second remand, Conerly argued that his late notice of appeal should be excused because he was a *pro se* litigant out of the country on a mission when the district court dismissed his case. By order entered May 16, 2002, the district court denied the Rule 4(a)(5) motion, and Conerly filed a timely notice of appeal.

We review for abuse of discretion a district court's denial of a motion for an extension of time to file an appeal. *See United States v. Carson*, 52 F.3d 1173, 1180 (2d Cir.1995). Rule 4(a)(5) gives the district court discretion to permit a party to file a late notice of appeal upon a showing of excusable neglect or good cause. Fed. R.App. P. 4(a)(5). In determining whether the failure to file a timely notice of appeal is excusable, the district court's decision is "an equitable one" and is to take into account "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *See Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir.1994). The district court considered the relevant circumstances in its order, and its denial of Conerly's Rule 4(a)(5) motion was within its discretion.

The district court also held that service of Conerly's Rule 4(a)(5) motion was defective because Conerly did not serve the motion on the defendants' counsel, as required under Fed.R.Civ.P. 5, but rather served the motion only on the defendant. *See* Fed.R.Civ.P. 5(b) ("Service [ ] on a party represented by an attorney is made on the attorney unless the court orders service on the party."); *Avolio v. County of Suffolk*, 29 F.3d 50, 53 (2d Cir. 1994). We also affirm the district court's ruling on defective service.

For the above-stated reasons, the judgment of the district court is hereby AFFIRMED.