274 F.3d 677 (2nd Cir. 2001)
 ANTHONY D. AMAKER, PLAINTIFF - APPELLANT,
v.
FOLEY, C.O., FLECKERSTEIN, C.O., MONIN, SGT., G. STRUBBEL, CONNORS, C.O., BEING SUED INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, DEFENDANTS - APPELLEES,
ZON, SUPT. DEPUTY, DONNELLY, SUPT. DEPUTY, WALTER R. KELLY, SUPT., SUGG, C.O., DEFENDANTS.
 Docket No. 01-0018
August Term, 2001
 UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
 Submitted: November 14, 2001
Decided: December 17, 2001
 
 Plaintiff, an inmate of Clinton Correctional Facility, appeals from a judgment of the United States District Court for the Western District of New York (John T. Elfvin, Judge) granting defendants' motion for summary judgment based solely on plaintiff's failure to submit papers in opposition to the motion. Because the Federal Rules of Civil Procedure do not permit granting of summary judgment on this ground, we vacate the judgment and remand for further proceedings.
 Anthony D. Amaker, Dannemora, Ny, on submission, pro se.
 Martin A. Hotvet, Assistant Solicitor General, Albany, NY (Peter H. Schiff, Senior Counsel, on the brief), for Eliot Spitzer, Attorney General of the State of New York, on submission, for appellees.
 Before: Cardamone, McLAUGHLIN, and Sotomayor, Circuit Judges.
 Sotomayor, Circuit Judge.
 
 
 1
 Plaintiff Anthony D. Amaker, proceeding pro se, appeals from an entry of judgment in favor of defendants by the United States District Court for the Western District of New York (Elfvin, J.). The district court granted the defendants' motion for summary judgment solely on the basis that plaintiff had failed to submit any papers or evidence in opposition to the motion by the deadline imposed under the court's scheduling order. Because dismissal on this ground inappropriately relieved defendants of their initial burden under Fed. R. Civ. P. 56 to show the absence of any genuine issue of material fact, we vacate the judgment and remand for further proceedings.
 
 BACKGROUND
 
 2
 Plaintiff, an inmate at the Clinton Correctional Facility, brought this action against defendants, the superintendent and various correctional officers at Clinton, primarily under 42 U.S.C. § 1983. Plaintiff claims, inter alia, that defendants discriminated against him because of his race in violation of the Equal Protection Clause of the Fourteenth Amendment. The district court appointed counsel for plaintiff in September 1998, but that counsel withdrew in November 1999, leaving plaintiff to proceed pro se.
 
 
 3
 On January 28, 2000, defendants moved for summary judgment on all claims. As is required where pro se litigants are concerned, see Irby v. N.Y. City Transit Auth., 262 F.3d 412, 413-14 (2d Cir. 2001), defendants' notice of motion advised the plaintiff of his obligations as the non-movant under Fed. R. Civ. P. 56:
 
 
 4
 [W]hen a Motion for Summary Judgment is made and properly supported, you may not simply rely upon your Complaint, but you must respond, by Affidavit or as otherwise provided in that rule, setting forth specific facts showing that there is a genuine issue or [sic] material facts [sic] for trial. Any factual assertions in our Affidavits will be accepted by the Magistrate Judge as being true, unless you submit Affidavits or other documentary evidence contradicting our assertions. If you do not so respond, summary judgment, if appropriate, may be entered against you.
 
 
 5
 Defs.' Notice of Mot. at 2. The clerk of the district court followed this notice of motion with a notice advising plaintiff that any papers in opposition, or any affidavit asserting the need for further discovery under Fed. R. Civ. P. 56(f), must be served and filed no later than March 24, 2000. The notice from the court did not, however, say anything further about the consequences of failure to respond to the motion.
 
 
 6
 In response to plaintiff's inquiries regarding the appointment of new counsel, a staff attorney from the district court wrote plaintiff a letter dated March 13, 2000, which stated, in pertinent part,
 
 
 7
 Please be advised that Judge Elfvin is well aware of your situation and is working on obtaining counsel for you. Your case will not be adversely affected by the time it takes Judge Elfvin to assign a new attorney for you. Please be patient and do not file any more motions for counsel. The assignment will be made in due course, and until it is, you may relax and await the Court's instructions.
 
 
 8
 Letter from Hecker to Amaker of 3/13/2000, at 1 (attached to appellant's brief). New counsel was appointed on September 13, 2000. At a status conference on October 25, 2000, plaintiff's new counsel was informed that the deadline for opposition to defendant's summary judgment motion was November 29, 2000, and that if no opposition was received, the motion would be granted. It does not appear that any notification of this schedule, nor any notification that failure to respond by the deadline would result in the court's granting the motion, was ever sent directly to plaintiff.
 
 
 9
 The first attempt made by plaintiff's new counsel to contact him regarding opposition to the motion was apparently by letter dated November 27, 2000 - i.e., two days prior to the deadline for opposing papers to be filed. Although plaintiff supplied counsel with at least one affidavit and one set of interrogatory responses in opposition to the motion, counsel did not receive these until December 4, 2000.
 
 
 10
 On December 5, 2000, the district court entered an order granting summary judgment to defendants. The order did not specifically state the basis for dismissal, although it contained a series of "whereas" clauses, the final two of which were as follows:
 
 
 11
 WHEREAS during the status conference [of October 25, 2000] the undersigned told [plaintiff's newly appointed counsel] that, if plaintiff failed to respond to the defendants' summary judgment motion by November 29, 2000, summary judgment would be granted, and
 
 
 12
 WHEREAS no response to the defendants' summary judgment motion was filed by or on behalf of plaintiff by November 29, 2000, as ordered, it is hereby
 
 
 13
 ORDERED that defendant's motion for summary judgment is granted and that this case shall be closed.
 
 
 14
 Order of Judge Elfvin, dated 12/5/2000, at 2.
 
 
 15
 In a letter to the court dated December 14, 2000, plaintiff's counsel requested additional time to file affidavits in opposition, stating that he had "finally received a letter" from plaintiff on December 4 - but not mentioning that counsel had failed to contact plaintiff until November 27. The letter requested an additional thirty days to respond to the defendants' summary judgment motion, and further stated that the request would be made by way of a formal motion under Fed. R. Civ. P. 60 if the court desired. By letter of December 15, the district court responded to counsel simply that the motion had been granted. In a letter dated December 22, 2000, counsel informed plaintiff of the court's decision, explained the time limits for filing a notice of appeal, and stated that, as counsel had "only been appointed to represent [plaintiff] with respect to the pending summary judgment motion," counsel would not be able to assist plaintiff with the appeal. Letter from Baase to Amaker of 12/22/2000 (attached to appellant's brief). Plaintiff, again proceeding pro se, timely filed a notice of appeal on January 2, 2001.
 
 DISCUSSION
 
 16
 We review the district court's grant of summary judgment de novo. Woodford v. Cmty. Action of Greene County, Inc., 268 F.3d 51, 54 (2d Cir. 2001). Although not specifically stated by the district court, its order granting summary judgment appears to have been based solely on the failure of plaintiff to have filed any papers in opposition to the summary judgment motion by the November 29, 2000 deadline, and for purposes of this opinion we so assume. This was error on the district court's part.
 
 
 17
 Fed. R. Civ. P. 56(e) spells out the burden placed on one who seeks to oppose a summary judgment motion and the consequences of failing to meet that burden:
 
 
 18
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
 
 
 19
 Fed. R. Civ. P. 56(e) (emphasis added). As explained by the Supreme Court in Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970), the burden of the non-movant to respond arises only if the motion is properly "supported" - and therefore summary judgment only is "appropriate" when the moving party has met its burden of production under Fed. R. Civ. P. 56(c) "to show initially the absence of a genuine issue concerning any material fact." Id. at 159, 90 S.Ct. 1598. If the evidence adduced in support of the summary judgment motion does not meet this burden, "`summary judgment must be denied even if no opposing evidentiary matter is presented.'" Id. at 160, 90 S.Ct. 1598 (quoting Fed. R. Civ. P. 56 advisory committee notes to the 1963 amendments). Thus, it is clear that even when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If it has not, summary judgment is inappropriate, for "[n]o defense to an insufficient showing is required." Id. at 161, 90 S.Ct. 1598 (internal quotation marks omitted).
 
 
 20
 While a district court has the power to create motion procedures and to impose consequences for failure to comply with those procedures, any such directives must nevertheless be consistent with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 83. The district court's admonition to counsel at the status conference that summary judgment would be granted if opposition papers were not filed was inconsistent with Fed. R. Civ. P. 56 because a court cannot relieve the moving party of its initial burden of production under that rule. The district court granted summary judgment solely for failure to file opposing papers and did not, as required, assess whether the defendants had met their burden to demonstrate that summary judgment was appropriate.[1] The grant of summary judgment on this basis was therefore improper. Cf. McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000) (error to dismiss complaint solely for failure to file opposition to motion to dismiss under Fed. R. Civ. P. 12(b)(6) without assessing legal sufficiency of complaint); Maggette v. Dalsheim, 709 F.2d 800, 802 (2d Cir. 1983) (error to grant motion for judgment on pleadings under Fed. R. Civ. P. 12(c) for failure to oppose motion where pleadings themselves sufficient to withstand dismissal). We therefore vacate the judgment of the district court and remand for further proceedings not inconsistent with this opinion.
 
 
 
 NOTE:
 
 
 [1]
 We decline to undertake this assessment ourselves, as the district court is in a far better position to conduct a summary judgment analysis in the first instance. Moreover, it does not appear from the record that the district court was properly apprised of the fact that plaintiff's appointed counsel had failed to contact plaintiff until two days prior to the deadline for filing opposition papers. Remanding will give the district court an opportunity to provide plaintiff, whether proceeding pro se or with newly appointed counsel, a fair opportunity to marshal and submit evidence (if necessary) in response to defendants' motion.