**Augustine IBEAWUCHI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 01 Civ. 6238(JGK).

United States District Court,
S.D. New York.

March 4, 2002.

Rebecca C. Martin, AUSA.

Augustine Ibeawuchi, Kearny, NJ.

### ORDER

KOELTL, District Judge.

The plaintiff brought this action seeking the return of property allegedly seized pursuant to a search warrant at the time of his arrest by agents of the defendant. The plaintiff has moved for summary judgment and the defendant has cross-moved to dismiss or for summary judgment.

### I

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Gallo v. Prudential Residential Servs., Ltd. Partnership*, 22 F.3d 1219, 1223 (2d Cir.1994). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)); *see also Gallo*, 22 F.3d at 1223. Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994). "In considering the motion, the court's responsibility is not to resolve disputed issues of fact but to assess whether there are factual issues to be tried." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

On a motion for summary judgment, once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with specific facts to show there is a factual question that must be resolved at trial. *See* Fed.R.Civ.P. 56(e). The non-moving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir.1993); *see Scotto v. Almenas*, 143 F.3d 105, 114–15 (2d Cir.1998) (collecting cases); *Wyler v. United States*, 725 F.2d 156, 160 (2d Cir.1983).

Where, as here, a *pro se* litigant is involved, although the same standards for dismissal apply, a court should give the *pro se* litigant special latitude in responding to a

summary judgment motion. *See McPherson v. Coombe*, 174 F.3d 276, 279 (2d Cir.1999) (courts "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest' ") (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)); *Alleyne v. Four Seasons Hotel–New York*, No. 99 Civ. 3432, 2001 WL 135770, at *2 (S.D.N.Y. Feb.15, 2001). In particular, the *pro se* party must be given express notice of the consequences of failing to respond appropriately to a motion for summary judgment. *See McPherson*, 174 F.3d at 281; *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620–21 (2d Cir.1999); *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir.1996); *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir.1994); *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir.1988).

## II

The plaintiff seeks the return of a wallet and its contents, a wrist watch, a gold bracelet, an airline ticket, a passport, a cell phone, and family photographs, and claims monetary damages based on the defendant's alleged failure to return his property.

The defendant has submitted documentary evidence that indicates that the plaintiff's wallet, watch, and bracelet were returned to the Legal Aid Society, who had originally represented the plaintiff in his criminal proceedings, and that the Legal Aid Society later transferred those items to a representative of Larry Shoenbach, whom the plaintiff had retained as defense counsel. (Decl. of Mark Grey, dated Jan. 31, 2002 ("Grey Decl."), Ex. C; Decl. of Rebecca C. Martin, dated Jan. 30, 2002 ("Martin Decl."), Ex. B.) The defendant has also submitted evidence that shows that it delivered the plaintiff's airline ticket, cell phone, passport, together with identification cards which had been in the wallet, directly to Shoenbach at his office. (Grey Decl., Ex. D.) The documents submitted by the defendant also indicate that the photographs seized during the search of the plaintiff's residence were returned to the residence, where another inhabitant of the residence signed for them. (Decl. of Jeffrey A. Bielski, dated Jan. 31, 2002 ("Bielski Decl."), Exs. C & D.) The plaintiff has not responded to the defendant's cross-motion.

The evidence would support a grant of summary judgment in favor of the defendant. However, it appears that the *pro se* plaintiff in this case has not actually received notice of the defendant's cross-motion for summary judgment. The defendant has advised the Court that although the defendant's papers were served by overnight mail to the plaintiff's address, the plaintiff is no longer at that address and the defendant has been unable to obtain a new address for the plaintiff, who has been deported to Nigeria.

The Court has also sent notice to the plaintiff's last known address, at the Hudson County Correctional Facility in Kearny, NJ, advising the plaintiff of the pending cross-motion and the possible consequences of a failure to respond, and attaching a copy of Fed.R.Civ.P. 56 and Local Civil Rule 56.1. The Court's correspondence has been returned to sender and the Court has been unable to locate the plaintiff through inquiry with the correctional facility.

 Of course, it is the plaintiff's responsibility to keep the Court and his adversary informed of his current address. *See* Fed.R.Civ.P. 5(b) (mailing to last known address completes service). Nevertheless, the Court must independently evaluate the papers to determine whether summary judgment is appropriate. *See Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir.2001). That review is hampered by the plaintiff's failure to respond and the inability to contact the plaintiff. Given the plaintiff's *pro se* status and the fact that he has apparently received no notice of the defendant's cross-motion, it is sufficient to dismiss the plaintiff's claims without prejudice.

### Conclusion

The case is dismissed in its entirety without prejudice. The Clerk of Court is directed to close the case.

SO ORDERED.