**Derek SLOANE, Plaintiff–Appellant,**

v.

**J. GETZ, S.P.O., T. Burns, P.O., Gene Washington, Warrant Officer, and Steve Rosenblum, P.O., Defendants–Appellees.**

**Docket No. 02–0339.**

United States Court of Appeals, Second Circuit.

Oct. 6, 2005.

Isaac S. Greaney, Sidley, Austin, Brown & Wood, LLP, New York, NY, for Appellant.

Shaifali Puri, Assistant Solicitor General, Office of the Attorney General, State of New York, New York, NY, for Appellees.

Present: WALKER, Chief Judge, MESKILL, and McLAUGHLIN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **VACATED** and **REMANDED.**

Plaintiff-appellant Derek Sloane appeals from a September 30, 2002, judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*) granting summary judgment in favor of J. Getz, T. Burns, Gene Washington, and Steve Rosenblum (collectively, "defendants").

On appeal, Sloane argues that the district court erred when it granted defendants' unopposed motion for summary judgment as to Sloane's excessive-force claim without first determining whether the defendants met their burden of demonstrating that no material issue of fact remained for trial.

We review de novo the grant or denial of summary judgment. *Amaker v. Foley,* 274 F.3d 677, 680 (2d Cir.2001). We assume familiarity with the facts and the procedural history.

Sloane, who was proceeding without counsel below, failed to respond to defendants' motion for summary judgment. As a result, Sloane let defendants' affidavits stand unopposed, along with their statements that no force was used against Sloane other than the application of handcuffs and leg shackles. Based on this "undisputed evidence," the district court granted defendants' motion for summary

judgment on the basis that Sloane failed to present any evidence that the defendants had used excessive force.

■ Even though Sloane failed to oppose the motion for summary judgment, the district court in this case erred in granting that motion. In *Vermont Teddy Bear*, we reiterated that "where the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'" *Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir.2004) (quoting *Amaker*, 274 F.3d at 681). The defendants submitted with their moving papers a deposition by Sloane, in which he testified that he was grabbed from behind without warning and thrown to the ground twice. Although the district court was plainly aware of these sworn statements when it issued its opinion and order, it seems to have overlooked them when it granted defendants' motion for summary judgment. The district court was not permitted to discount these statements by Sloane, which were before the court in a deposition submitted with the defendants' motion, and which created a material issue of disputed fact.

■ The district court therefore erred in granting summary judgment on the basis that there was no issue of material fact as to whether the defendants used excessive force on Sloane. It is unclear from the district court's opinion and order, however, whether summary judgment might be available to defendants on some other basis—a point as to which we have no opinion.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby **VACATED** and **REMANDED**.