SECURITIES and EXCHANGE COMMISSION, Plaintiff,

v.

WORLD INFORMATION TECHNOLOGY, INC., et al., Defendants.

No. 06 Civ. 13181(VM).

United States District Court, S.D. New York.

April 10, 2008.

**150**

Mark K. Schoenfeld, Nancy A. Brown, New York City, for Plaintiff.

Steven Sirianni, New York City, for Defendants.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

For the reasons stated by the Court on the record at the conference with the parties on April 4, 2008, a copy which is enclosed, the First Motion in Limine (Docket No. 28) of plaintiff Securities and Exchange Commission ("SEC") herein is GRANTED and the

SEC's Second Motion in Limine (Docket No. 41) is GRANTED.

**SO ORDERED.**

### STATEMENT OF THE COURT REGARDING THE SEC S MOTIONS *IN LIMINE*

#### APRIL 4, 2008

The Court has received two *in limine* motions from the SEC in the matter of *Securities and Exchange Commission v. World Information Technology, et. al.* The first motion requests that the Court:

(1) allow Nick Pirgousis to testify to statements made to him by Gary Morgan pursuant to Federal Rules of Evidence 804(b)(3), as statements against interest, or 801(d)(2)(e), as statements by a co-conspirator in furtherance of the conspiracy;

(2) allow the SEC to treat Ira Dicapua as a hostile witness and ask leading questions on direct examination; and

(3) preclude Mr. Sirianni from offering any testimony about his efforts to purchase hunting land other than those he testified to in his investigative testimony.

The second motion requests that the Court preclude the defendant from offering as exhibits the emails attached to the declaration of Carl E. Person, dated March 17, 2008, because the emails are inadmissible hearsay and/or irrelevant to any fact at issue, and the defendant's time to designate exhibits has past.

The SEC's motion with respect to the out-of-court statements of Gary Morgan is **GRANTED.** The SEC's motion with respect to the treatment of Ira Dicapua as a hostile witness is **RESERVED** for further consideration at trial. The SEC's motion with respect to Mr. Sirianni's testimony regarding land investment activities is **DENIED.** The SEC's motion with respect to the introduction of the emails as exhibits is **GRANTED.**

### I. *MORGAN'S OUT–OF–COURT STATEMENTS*

Federal Rule of Evidence 804(b)(3) provides an exception to the hearsay rule for statements which, at the time of their mak-

ing, so far tended to subject the declarant to civil or criminal liability that a reasonable person in the declarant's position would not have made the statements unless he believed them to be true. *See* Fed.R.Evid. 804(b)(3). Whether a challenged statement is sufficiently self-inculpatory can only be answered by viewing it in context. *See U.S. v. Williams,* 506 F.3d 151, 155 (2d Cir.2007).

The defendant asserts that the hearsay exception applies only if the statements in which Morgan referred to "brokers" would have subjected Morgan to more liability than the statements standing alone without reference to brokers. There is no legal basis for defendant's argument. Rather, the standard is that the "bulk" of the statements must be "self-inculpatory." *United States v. Saget,* 377 F.3d 223, 231 (2d Cir.2004). Taken as a whole, these statements clearly fall within that definition, as the statements related to Morgan's involvement in and direction of Pirougsis in a stock manipulation scheme in violation of federal securities laws.

With these principles in mind, the Court holds that Pirgousis may testify as to the statements made by Morgan, as such statements were sufficiently self-inculpatory to subject Morgan to both civil and criminal liability. The issue of naming Mr. Sirianni by name is a question of relevance and probative value. The defendant is, of course, free to argue to the jury that the statements are not probative, as they do not mention Sirianni by name.

## II. TREATMENT OF IRA DICAPUA AS A HOSTILE WITNESS

The SEC moves in limine for an order that Ira Dicapua be deemed a hostile witness and that leading questions may be used by the SEC in their interrogation of this witness pursuant to Federal Rule of Evidence 611(c) ("RULE 611(c)"). Rule 611(c) establishes that leading questions ordinarily should not be used on direct examination, except "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party."

■ The SEC contends that while Dicapua has entered into a partial consent judgment in this case, he is still adverse to the SEC because the amount of disgorgement, prejudgment interest, and penalty are still unresolved. Additionally, he consented to judgment on liability on a no admit, no deny basis, which leaves him free to deny his culpability on the stand. Defendant argues that Dicapua is not an adverse witness to the SEC, because he has entered into a settlement agreement and consent injunction, and the SEC could punish Dicapua for testimony adverse to its interests.

The SEC has not presented any evidence of Dicapua's lack of cooperation, and has only stated that he is "free" to deny culpability. Therefore, the Court finds the SEC s motion to be premature. Accordingly, the Court reserves ruling on this motion to determine if the witness evidences hostility, bias, or recalcitrance during his testimony.

## III. DEFENDANT'S TESTIMONY REGARDING LAND–INVESTMENT ACTIVITIES

The SEC contends that the defendant should be precluded from testifying about the land-investment activities identified in the interrogatory responses served on November 1, 2007, because he failed to properly disclose those efforts during the course of discovery. The SEC argues first that this is information the defendant should have included in his initial disclosures. Additionally, SEC notes that while the interrogatories were served within the deadline set by the Case Management Plan, the defendant's answers were not provided until two weeks after the answers were due, and one day after the end of discovery, thus precluding the SEC from deposing the individuals identified in the interrogatory answers. The SEC maintains that, because it was not permitted to reopen discovery, the proper resolution is for the Court to preclude the defendant from presenting the evidence withheld in discovery so as not to allow the defendant to gain an unfair advantage at trial.

Defendant argues that the SEC delayed in seeking this information, as it was aware of the real estate investment activities as of April 2006, and only sent the interrogatories requesting this particular information on

September 14, 2007, the last day for serving interrogatories, and after receiving defendant's answers on November 1, 2007, waited until December 31, 2007 to ask the Court to reopen fact discovery to permit additional depositions.

The Court notes preliminarily that is it ironic that the defendant is blaming the SEC for delaying in asking for this information, when the issue is before the Court only because of defendant's failure to serve its answers to the interrogatories before the required deadline. In denying the SEC's request to reopen discovery, the Court stated that the defendant was precluded from calling any of the witnesses identified in the interrogatory and precluded from otherwise introducing any evidence relating to statements by the individuals in question. The Court intended this preclusion to allow the defendant to testify as to these activities, but to prevent the defendant from corroborating such testimony with the introduction of additional evidence to bolster his statements. In doing so, the Court was persuaded that such a resolution struck a middle ground between allowing the defendant to adequately defend himself at trial, while not permitting him to gain an unfair advantage through discovery abuse.

Accordingly, the SEC's motion in limine addressing the defendant's testimony regarding his land-investment activities is **DENIED.**

### IV. *DEFENDANT'S INTRODUCTION OF EMAILS AS EXHIBITS*

The SEC moves this Court to preclude the introduction of the emails attached as Exhibit D to the declaration of Carl Person dated March 17, 2008, arguing that the emails constitute inadmissible hearsay, many of the emails are irrelevant to the case, and that defendant's late designation is improper and prejudicial. Defendant contends that the emails are not hearsay, as he is not offering the emails for the truth of any statement made therein, but rather to prove that he was engaged in these real estate activities from October 2004 until April 2006, and that because they demonstrate his involvement in real estate activities the emails are all rele-

vant to his defense. Additionally, defendant argues that the designation was not untimely, as it was only 21 days after the deadline, and 9 days before the final pre-trial conference scheduled for April 4, 2008.

The Court agrees with SEC that the emails are either hearsay, or not relevant to any issue in the case. For example, an email from Sirianni to Kopecko dated November 12, 2004, bates stamped SS 0001, states, "I ran an ad in Wausau paper looking for hunting land." Contrary to the assertions of the defendant, this email would be offered to establish the truth of the matter asserted, that is, that the defendant ran an ad in a paper looking for hunting land. Additionally, an email exchange between Sirianni and Kopecko dated November 12, 2004, bates stamped SS 0005, is patently irrelevant to any issue in the case.

Accordingly, the SEC s motion in limine to preclude the defendant from offering into evidence the emails attached to the declaration of Carl Person, dated March 17, 2008, is **GRANTED.**