SECURITIES and EXCHANGE COMMISSION, Plaintiff,

v.

WORLD INFORMATION TECHNOLOGY, INC., et al., Defendants.

No. 06 Civ. 13181 (VM).

United States District Court, S.D. New York.

Dec. 16, 2008.

Mark K. Schoenfeld, Nancy A. Brown, Sheldon Mui, Securities and Exchange Commission Northeast Regional Office, New York, NY, for Plaintiff.

Carl E. Person, New York, NY, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Securities and Exchange Commission (the "SEC") brought this action against World Information Technology, Inc. ("WIT"), Gary Morgan ("Morgan"), Ira Dicapua ("Dicapua"), and Steven Sirianni ("Sirianni"), alleging violations of federal securities laws through a "pump-and-dump" scheme and payment of kickbacks relating to shares of WIT stock. The Court previously entered a Judgment against Dicapua, to which Dicapua consented, ordering him to pay disgorgement, prejudgment interest, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) ("Section 20(d)"), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3) ("Section 21(d)(3)"), in amounts set by the Court upon the SEC's motion. The SEC now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56") ordering Dicapua to pay: (1) disgorgement of $117,500; (2) prejudgment interest on disgorgement of $40, 323.24; and (3) a civil money penalty to be determined by the Court. For the reasons discussed below, the SEC's motion is GRANTED.

### I. BACKGROUND[1]

---

**1.** The factual and procedural summary below is derived from the SEC's Complaint, dated November 14, 2006 ("Complaint"), Plaintiff's

Rule 56.1 Statement of Undisputed Facts in Support of Its Motion for Summary Judg-

The SEC's Complaint in this action, filed on November 14, 2006, charged WIT, Morgan, Dicapua, and Sirianni with violations of federal securities laws, alleging that Morgan, Dicapua, and Sirianni created artificial demand in WIT stock so that Morgan could sell his holdings at inflated prices.

Between October 15, 2003 and January 14, 2004, Morgan paid Dicapua, a stock promoter, at least $117,500 for Dicapua's efforts in creating artificial demand for WIT stock.[2] Dicapua then used some of those funds to pay kickbacks to stockbrokers to solicit purchases of WIT stock from the investing public. Sirianni was one of those brokers: between October 16, 2003, and March 5, 2004, Dicapua paid Sirianni a total of $75,800 in undisclosed compensation, and in exchange, Sirianni solicited purchases of WIT stock from his customers, either directly recommending the stock or arranging for them to participate in conference calls where Dicapua would recommend the stock. Twelve of Sirianni's customers eventually spent nearly $440,000 on 106,900 shares of WIT stock—shares which are now worthless.

On May 3, 2007, the Court granted the SEC's motion for default judgment against WIT and Morgan, and ordered Morgan to pay disgorgement, prejudgment interest, and a $110,000 civil penalty. Sirianni proceeded to trial, and on April 10, 2008, 250 F.R.D. 149, a jury entered a verdict against him, finding Sirianni liable for violations Section 17(a) of the Securities Act of 1933 and Sections 10(b) and 15(a)(1) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. On the basis of the jury's verdict, the Court entered a Final Judgment against Sirianni, which is currently under appeal in the Second Circuit.

On June 5, 2007, prior to Sirianni's trial, the Court entered a Judgment as to Defendant Ira Dicapua. (Mui Decl., Ex. F ("Judgment").) In the Judgment, the Court stated:

> that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) ... and Section 21(d)(3).... Prejudgment interest shall be calculated from January 14, 2004, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. ¶ 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court

ment, dated September 18, 2008 ("Rule 56.1 Stmt."); Plaintiff Securities and Exchange Commission's Motion for Summary Judgment Ordering Disgorgement, Prejudgment Interest, and a Civil Penalty Against Defendant Ira Dicapua, dated September 18, 2006 ("SEC Mem."); and Declaration of Sheldon Mui in Support of Plaintiff's Motion for Summary Judgment Ordering Disgorgement, Prejudgment Interest, and A Civil Penalty Against Defendant Ira Dicapua, dated September 18, 2008 ("Mui Decl."). Except as quoted or otherwise cited, no other specific reference to these documents will be made. By Endorsed Letter dated October 7, 2008, the Court granted Dicapua an extension of time until October 21, 2008 to respond to the SEC s instant motion. Having received no opposition from Dicapua, the Court decides the motion on the basis of the Complaint and the summary judgment papers submitted by the SEC, the papers currently on file in the public record pertaining to this motion.

**2.** During that period, Morgan was WIT's Chairman and CEO.

may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

(Judgment at 3.) Dicapua consented to these terms. (*Id.* at 5–6 (the "Consent").)

## II. DISCUSSION

### A. LEGAL STANDARD

In connection with a Rule 56 motion, "[s]ummary judgment is proper if, viewing all facts of record in a light most favorable to the non-moving party, no genuine issue of material fact remains for adjudication." *Samuels v. Mockry*, 77 F.3d 34, 35 (2d Cir.1996) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The role of a court in ruling on such a motion "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986). The moving party bears the burden of proving that no genuine issue of material fact exists, or that due to the paucity of evidence presented by the non-movant, no rational jury could find in favor of the non-moving party. *See Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1223 (2d Cir.1994).

"Even when a motion for summary judgment is unopposed," as is the case here, "the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vermont Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir.2004). Rather, "[w]here the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'" *Id.* (*quoting Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir.2001)). If the movant's submitted evidence fails to meet the burden of production, "then 'summary judgment must be denied even if no opposing evidentiary matter is presented.'" *Id.* (*quoting Amaker*, 274 F.3d at 681).

In reviewing and evaluating the evidence in support of an unopposed motion for summary judgment, the movant's Rule 56.1 statement is "an important guide." *Shark v. City of New York*, No. 03 Civ. 2616, 2008 WL 4444122, at *3 (S.D.N.Y. Sept. 29, 2008) (*citing Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290 (2d Cir.2008)). However, the Court is mindful that "a Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record," *New York Civil Liberties Union v. Grandeau*, 528 F.3d 122, 132–33 (2d Cir.2008), and the Court thus "may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co.*, 373 F.3d at 244.

### B. DISGORGEMENT

■ The Court finds that there is sufficient evidence on the record of the instant motion to warrant issuance of the SEC's request for an Order of disgorgement against Dicapua in the amount of $117,500. Some of this evidence derives from account statements and other materials admitted into the record at Sirianni's trial. That documentation is corroborated by facts established by the jury's verdict finding Sirianni liable. The Court is persuaded that

the sum the SEC requests represents a reasonable calculation of the disgorgement warranted from Dicapua, who has presented no evidence to refute an award of that amount. *See SEC v. Warde*, 151 F.3d 42, 50 (2d Cir.1998); *SEC v. First City Fin. Corp.*, 890 F.2d 1215, 1232 (D.C.Cir.1989). Of this amount, $75,800 represents undisclosed compensation Dicapua paid Sirianni to solicit customers to purchase WIT stock. Accordingly, Dicapua is individually liable for disgorgement of $41,700, and he and Sirianni are jointly and severally liable for the balance of $75,800.

## C. *PREJUDGMENT INTEREST*

 An award of prejudgment interest on the amount of a disgorgement order is appropriate to ensure that the defendant does not profit from obtaining the time-value of any unlawful profits earned from the date of the fraud to the date judgment is entered. *See SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1476–77 (2d Cir.1996); *SEC v. Moran*, 944 F.Supp. 286, 295 (S.D.N.Y.1996).

Under the terms of the Judgment, the SEC is entitled to prejudgment interest calculated at the delinquent tax rate established by the Internal Revenue Service pursuant to 26 U.S.C. § 6621(a)(2). Applying that rate to the amount of the disgorgement ordered above as to Dicapua results in a total of $40,323.24. Of the amount, Dicapua is liable for $17,302.87 individually as well as jointly and severally with Sirianni for $23,020.37, which represents the prejudgment interest on the funds Dicapua paid to Sirianni.

## D. *THIRD–TIER CIVIL PENALTIES*

 The Securities Act and the Exchange Act authorize imposition of civil financial penalties in three tiers, depending on the severity of the offense, for violations of the federal securities laws. *See* 15 U.S.C. §§ 77t(d) and 78u(d)(3). The penalties per violation range from $6,500 for the first tier, $60,000 for the second, and $120,000 for the third. In each case the penalty cannot exceed the greater of these amounts, or the pecuniary gain the defendant obtained as a result of the violation. The Court may impose third-tier penalties if it finds that the defendant's actions entailed "fraud, deceit, manipulative, or deliberate or reckless disregard of a regulatory requirement," and also "resulted in substantial losses or created a significant risk of substantial losses to other persons." *Id.* §§ 77t(d)(2)(c) and 78u(d)(3) (B)(iii).

The Court finds that Dicapua's conduct in this action warrants the imposition of third-tier penalties. The kickback scheme in which Dicapua engaged with Sirianni involved payments of substantial amounts for Sirianni to induce purchases of WIT shares worth approximately $440,000 by customers who were not informed of Dicapua's payments to Sirianni. To this extent Dicapua's conduct satisfies the standard involving fraud and deceit and creating losses or risk of substantial losses to investors. The Court notes that in connection with their roles in the scheme Sirianni and Morgan were ordered to pay $110,000 each in civil penalties. The Court will order Dicapua to pay a penalty of $117,500, corresponding to the amount of the pecuniary gain he derived from the violation.

## III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 58) of plaintiff Securities and Exchange Commission for entry of summary judgment against defendant Ira Dicapua is GRANTED.

**SO ORDERED.**