15-3054-cv
*McAllister v. Quik Park*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand sixteen.

PRESENT:    RALPH K. WINTER,
            DENNY CHIN,
            CHRISTOPHER F. DRONEY,
                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MORRIS MCALLISTER,

              *Plaintiff-Appellant,*

        v.                                           15-3054-cv

QUIK PARK,

              *Defendant-Appellee.*[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[1]    The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT:     MORRIS MCALLISTER, *pro se*, New York, New York.

FOR DEFENDANT-APPELLEE:     HARRIS B. KATZ, Winget Spadafora & Schwartzberg, LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Ellis, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Morris McAllister, proceeding *pro se*, appeals from a judgment entered September 2, 2015, in favor of his former employer, defendant-appellee Quik Park PCVST Garage, LLC ("Quik Park"), in his employment discrimination suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et seq.*, and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 296. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[2]

We review *de novo* a district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine dispute exists, we must "resolve all ambiguities and draw all

[2]     Pursuant to 28 U.S.C. § 636(c), the parties consented to jurisdiction over the case by Magistrate Judge Ronald L. Ellis.

inferences against the moving party." *Garcia*, 706 F.3d at 127. We have held that "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law," *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004), and further stated that, "[i]f the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied even if no opposing evidentiary matter is presented,'" *id.* at 244 (emphasis omitted) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)).

McAllister does not argue in his appellate brief that he was discriminated against on the basis of his age and race. Accordingly, those claims are deemed abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (explaining that a *pro se* appellant abandons issues not raised in his appellate brief). Nonetheless, even if McAllister did not abandon his claims, and even if he had properly exhausted his administrative remedies, he cannot prevail. Except as noted below, we affirm for substantially the reasons stated by the district court in its September 2, 2015 decision.

Although McAllister did not oppose the summary judgment motion below, the district court conducted an independent analysis to ensure that the movant had met its burden. The district court correctly granted summary judgment for Quik Park on McAllister's Title VII claim. To establish a *prima facie* case of discrimination, a plaintiff must show that "(1) he is a member of a protected class; (2) he is competent to

3

perform the job or is performing his duties satisfactorily; (3) he suffered an adverse employment decision or action; and (4) the decision or action occurred under circumstances giving rise to an inference of discrimination based on his membership in the protected class." *Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir. 2005). If the plaintiff succeeds, the burden then shifts to the employer to "proffer some legitimate, nondiscriminatory reason for the adverse decision or action." *Id*. McAllister has offered no facts that would give rise to an inference of discrimination based on his race, nor has he presented evidence sufficient to raise an issue of fact as to whether Quik Park's nondiscriminatory reason for laying him off -- that it eliminated the porter position -- was pretextual. *See id.*

It is unclear whether the district court construed McAllister's complaint to raise a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* The district court likely should have; although the ADEA box was not marked on page one of the complaint, "age" was checked on page three. Any error was harmless. An ADEA claim would have failed for the same reasons as the Title VII claim, especially because the ADEA has a stricter "but-for" causation standard. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) (interpreting the ADEA to require the plaintiff to show that age was a "but-for" cause of his termination).

The district court should not have reached the merits of McAllister's NYHRL claims, however, because the court did not have jurisdiction over these claims.

4

Nonetheless, we affirm the judgment for lack of jurisdiction. *See United States v. Watts*, 786 F.3d 152, 161 (2d Cir. 2015) ("We . . . may affirm on any ground which finds support in the record." (internal quotation marks omitted)). Under New York law, "NYHRL . . . claims, once brought before the [New York State Division of Human Rights ("NYSDHR")], may not be brought again as a plenary action in another court." *York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 127 (2d Cir. 2002). McAllister filed a complaint with the NYSDHR and, after an investigation, the NYSDHR dismissed the complaint. Because "a state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim," *Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 884 (2d Cir. 1995), the district court lacked jurisdiction to hear McAllister's NYHRL claims.

Finally, McAllister attaches a letter submitted to the district court below, which asserts that Quik Park "failed to provide [him] with requested documents." Appellant's Br. at 4. To the extent that this letter can be construed as a challenge to the district court's denial of his request for Federal Rule of Civil Procedure 56(d) discovery, this claim fails because McAllister has failed to show any abuse of discretion by the district court. *See Alphonse Hotel Corp. v. Tran*, --- F.3d ---, 2016 WL 3675321, at *3 (2d Cir. July 11, 2016) ("We review a district court's denial of [the nonmovant]'s Rule 56(d) motion for abuse of discretion.").

5

We have considered McAllister's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk