ELIZABETH A. WOLFORD, United States District Judge *11 INTRODUCTION
Plaintiff Antwan M. Green ("Plaintiff"), a prisoner previously confined at the Erie County Holding Center ("ECHC"), filed a pro se complaint asserting claims under 42 U.S.C. § 1983. (Dkt. 1). The operative complaint in this action is Plaintiff's third amended complaint, filed on October 3, 2016. (Dkt. 29). Defendant Sergeant Michael Anderson (named in Plaintiff's third amended complaint as "Sergeant Anderson") ("Defendant") has moved for summary judgment in lieu of filing an answer to the complaint. (Dkt. 42). Defendant contends that summary judgment is appropriate because Plaintiff made a mistake regarding his identity, and he was not involved in the complained of events or actions. (Id. at 2). For the reasons that follow, the motion is granted and Defendant is dismissed from this action with prejudice.
BACKGROUND
I. Procedural Background
Defendant filed the instant motion for summary judgment in lieu of an answer to Plaintiff's complaint on August 8, 2017. (Dkt, 42). Defendant also filed affidavits in support of his motion (Dkt. 45; Dkt. 46) with attached exhibits (Dkt. 45-1; Dkt. 45-2; Dkt. 45-3; Dkt. 46-1; Dkt. 46-2; Dkt. 46-3) as well as a memorandum in support of the motion (Dkt. 47). Plaintiff was pro se at the time the motion was filed. The Court issued a motion scheduling order and notice to Plaintiff on August 10, 2017, which set a deadline of September 7, 2017, for Plaintiff's response and informed Plaintiff that if he did not file a response, the "Court may accept Defendant's factual assertions as true" and "[j]udgment may then be entered in Defendant's favor without a trial." (Dkt. 53). Plaintiff did not file papers opposing the motion for summary judgment. On October 24, 2017, Attorney Matthew A. Albert entered a notice of appearance on behalf of Plaintiff. (Dkt. 61).[1]
II. Factual Background and Summary Judgment Evidence
In Plaintiff's third amended complaint, he names Defendant in the section regarding his conditions of confinement claim. (Dkt. 29 at 22-24). He refers to Defendant as "Sergeant Anderson." (Id. ). Plaintiff alleges that on January 1, 2016, he complained about the poor conditions in his cell. (Id. at 22). He complained that the "cell is free[zing] cold and ... the vent is blowing cold air out." (Id. ). According to Plaintiff, Defendant arrived at Plaintiff's housing unit at 8:15 a.m. in response to Plaintiff's complaint about the temperature of his cell. (Id. ). Defendant "stated this cell feel[s] like an ice box" and said that he would send maintenance to check on the ventilation system. (Id. ). Plaintiff requested an extra blanket and Defendant responded that he would let Plaintiff know before he left for the day whether Plaintiff's request would be granted. (Id. ). Plaintiff alleges that he heard nothing from Defendant that day, did not receive a blanket, and the temperature in his cell did not improve. (Id. at 24).
In his motion for summary judgment, Defendant states that he was not working *12 at ECHC on January 1, 2016. (Dkt. 47). In support, Defendant cites the Erie County Sheriff's Office ("ECSO") Sergeant's Schedule for the week of Saturday, December 26, 2015, through January 1, 2016. (Dkt. 45-1 (Exhibit B) ). The box in the row marked "Anderson" and the column marked "1/1" says "RDO" (Dkt. 45-1 (Exhibit B) ), which Defendant explains stands for "Regular Day Off" (Dkt. 47 at 2). Plaintiff also cites the affidavit of John Greenan ("Greenan"), Chief of Administrative Services at ECSO. (Dkt. 47 at 2). Greenan avers that the only "Sergeant Anderson" either "(i) currently employed by ECSO, or (ii) employed by ECSO as of January 1, 2016, is Sergeant Michael Anderson." (Dkt. 46 at 2). He continues, "[B]ased on my examination of ECSO's records ... generated, kept and maintained in the regular course of ECSO's business [Defendant] did not work at [ECHC] on January 1, 2016.... It was his regular day off[.]" (Id. ; see Dkt. 46-2 (Exhibit B) (Sergeant's Schedule for week of December 26, 2015, through January 1, 2016) ).
DISCUSSION
I. Standard of Review
Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party. Scott v. Harris , 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp. , 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Caldarola v. Calabrese , 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. , 475 U.S. at 586-87, 106 S.Ct. 1348 ). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment...." Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
A party may file a motion for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). A party may move for summary judgment in lieu of an answer. See, e.g., Anderson v. Rochester-Genesee Reg'l Transp. Auth. , 337 F.3d 201, 202 (2d Cir. 2003) ; Crenshaw v. Syed , 686 F.Supp.2d 234, 236 (W.D.N.Y. 2010) ; Riehl v. Martin , No. 9:13-CV-439 GLS/TWD, 2014 WL 1289601, at * 1-2 (N.D.N.Y. Mar. 31, 2014) ; Beckford v. New York State Office of Mental Health , No. 06-CV-00561(SR), 2010 WL 1816689, at *1 (W.D.N.Y. May 3, 2010) ; Wegman v. Grimmke , No. 03-CV-234S, 2004 WL 2202642, at *2 (W.D.N.Y. Sept. 30, 2004). Although summary judgment is generally not appropriate until after some discovery has occurred in a case, Nelson v. Deming , 140 F.Supp.3d 248, 257-58 (W.D.N.Y. 2015), a motion for summary judgment in lieu of an answer is appropriate where the facts are undisputed and no amount of discovery would change the outcome, Parra v. Wright , No. 11-CV-6270 CJS, 2013 WL 6669235, at *7 (W.D.N.Y. Dec. 18, 2013). The standard for granting summary judgment is the same whether the motion is made in lieu of an answer or after discovery has occurred-the moving party must demonstrate that no genuine *13 issues of material fact exist and that it is entitled to judgment as a matter of law. See Anderson , 337 F.3d at 206.
Rule 56 also provides that if a non-moving party fails to oppose a summary judgment motion, "summary judgment, if appropriate, shall be entered against" him. Fed. R. Civ. P. 56(e). However, "where the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.' " Vermont Teddy Bear Co. v. 1-800 Beargram Co. , 373 F.3d 241, 244 (2d Cir. 2004) (quoting Amaker v. Foley , 274 F.3d 677, 681 (2d Cir. 2001) ). If the evidence submitted in support of the motion for summary judgment does not meet the movant's burden of production, "summary judgment must be denied even if no opposing evidentiary matter is presented." Amaker , 274 F.3d at 681. "Moreover, in determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's [Local Rule 56 ] statement. It must be satisfied that the citation to evidence in the record supports the assertion." Vermont Teddy Bear Co. , 373 F.3d at 244 ; see also Jackson v. Fed. Exp. , 766 F.3d 189, 194 (2d Cir. 2014).
II. Application
Defendant contends that summary judgment is appropriate because the evidence in the record establishes that Plaintiff made a mistake with respect to Defendant's identity and Defendant was not working at ECHC on January 1, 2016. (Dkt. 47 at 2). Plaintiff has failed to respond and therefore does not argue that there is an issue of fact regarding whether Defendant was working at ECHC on that date. Plaintiff was notified by written order of the deadline to respond to Defendant's motion for summary judgment, and the consequences of failure to respond were clearly outlined in said order. (Dkt. 53).
Defendant's motion for summary judgment in lieu of an answer is appropriate here because the relevant facts are undisputed and no amount of discovery would change the outcome. See Parra , 2013 WL 6669235, at *7. The Court concludes that Defendant has met his burden to establish that there is no genuine issue of material fact with respect to Plaintiff's claims against this defendant. Defendant has presented evidence that he was not working at ECHC on the day on which he is alleged to have participated in the events giving rise to Plaintiff's conditions of confinement claim. Defendant has averred to that in his affidavit (Dkt. 45 at 2), and has submitted the ECSO Sergeant's Schedule for the week of December 26, 2015, through January 1, 2016 (Dkt 45-2 (Exhibit B) ), as well as an affidavit by the Chief of Administrative Services at ECSO averring that Defendant was not scheduled to work on that date (Dkt. 46). Defendant cannot face liability for Plaintiff's claims if he had no personal involvement in the alleged wrongdoing, see Colon v. Coughlin , 58 F.3d 865, 873 (2d Cir. 1995) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted) ), and there is no dispute that Defendant was not involved.
CONCLUSION
For the foregoing reasons, Defendant's motion for summary judgment (Dkt. 42) is *14 granted. Plaintiff's claims against Defendant are dismissed with prejudice. The Clerk of Court is directed to dismiss Defendant Sergeant Anderson as a defendant in this action.
SO ORDERED.

In his counseled motion to amend the complaint, currently pending before United States Magistrate Judge Jonathan W. Feldman, Plaintiff seeks to remove Sergeant Anderson as a defendant. (Dkt. 63). That motion supports Defendant's argument that he should not be named as a defendant in this action.