18-3723-cv
Scantibodies Laboratory, Inc. v. Church & Dwight Co., Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 15th day of April, two thousand twenty.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
                     *Circuit Judges*.
             BRENDA K. SANNES,[1]
                     *District Judge*.

---

SCANTIBODIES LABORATORY, INC.,

      *Plaintiff-Counter-Defendant - Appellant*,

      v.                                                                      18-3723-cv

CHURCH & DWIGHT CO., INC.,

      *Defendant-Counter-Claimant-Appellee*.[*]

---

Appearing for Appellant:     Evan Mandel, Mandel Bhandari LLP (Rishi Bhandari, Robert Glunt, *on the brief*), New York, N.Y.

---

[1] Judge Brenda K. Sannes, United States District Court for the Northern District of New York, sitting by designation.

[*] The Clerk of Court is respectfully directed to amend the official caption as listed above.

Appearing for Appellee:       Bart Williams, Proskauer Rose LLP (John E. Roberts, Baldassare Vinti, *on the brief*), Los Angeles, CA.

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

Scantibodies Laboratory Inc. ("SLI") appeals from the December 18, 2018 judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*) granting the motion for summary judgment made by Church & Dwight Co., Inc. ("C&D") to dismiss SLI's breach of contract claims; denying SLI's motion on those claims; and denying SLI's motion for summary judgment on each of C&D's counterclaims other than C&D's claim for prima facie tort, which the district court dismissed. *Scantibodies Laboratory, Inc. v. Church & Dwight Co., Inc.*, 2018 WL 4500852 (S.D.N.Y. Sept. 19, 2008). SLI then moved for reconsideration, and that motion was also denied. *Scantibodies Laboratory, Inc. v. Church & Dwight Co., Inc.*, 2018 WL 4500852 (S.D.N.Y. Nov. 7, 2018). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review grants of summary judgment de novo, and "apply the same principles as required of the district court." *Zurich Am. Ins. Co. v. ABM Indus. Inc.*, 397 F.3d 158, 164 (2d Cir. 2005). Thus, "construing the evidence in the light most favorable to the non-moving party, we must determine whether any genuine issues of material fact would bar summary judgment." *Id*. (internal quotation marks omitted). "Whether contractual language is ambiguous is a question of law that we review *de novo*." *Id*. "Ambiguity exists when a contract is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Id*. (internal quotation marks omitted).

The district court erred in finding the agreements at issue unambiguous. We find that there are questions of material fact as to whether the agreements were requirements contracts. In particular, the obligations of the parties under the meet-or-release provisions are susceptible to being read in more than one way, as are the provisions that allow SLI to reject orders from C&D that deviated more than 10 percent from purchase plan orders. We further find that the parole evidence is not "so one-sided that no reasonable person could decide the contrary." *3Com Corp. v. Banco do Brasil, S.A.*, 171 F.3d 739, 746-47 (2d Cir. 1999). Both C&D and SLI offered extrinsic evidence that supported their respective interpretations of the Agreements. For example, certain of C&D's communications indicate that at times both parties understood the agreements to guarantee SLI exclusivity absent specified conditions, e.g., invocation of the meet-or release provisions.

We also find that the district court erred in granting C&D summary judgment on SLI's claim for scrapping costs. As the party moving for summary judgment, the burden rested with C&D to demonstrate no questions of material fact existed. *See Amaker v. Foley*, 274 F.3d 677,

681 (2d Cir. 2001) (where movant fails to show that no questions of material fact exist, "summary judgment must be denied even if no opposing evidentiary matter is presented.").

Finally, we agree with the district court that C&D's argument as to whether it properly terminated the Agreements cannot be resolved on a motion for summary judgment. Accordingly, the judgment of the district court hereby is VACATED and REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk